


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIM ELLIS,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

No. C 07-01844 MHP

**ORDER TO SHOW CAUSE**

    On March 27, 2006 the court sentenced petitioner Kim Ellis to a prison term of 240 months for a conspiracy to possess cocaine powder for manufacture and distribution in violation of 21 U.S.C. section 846. Now before the court is petitioner's *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. section 2255.

BACKGROUND

    On February 18, 2003 Kim Ellis was charged by way of a third superseding indictment with violating the federal drug laws. On March 27, 2006 petitioner was sentenced to a prison term of 240 months according to a guilty plea agreement. Judgment was entered on March 27, 2006. Ellis filed this section 2255 motion on April 3, 2007, asking the court to vacate, set aside or correct his sentence in light of an alleged denial of effective assistance of counsel.

Case 3:07-cv-01844-EMC   Document 3   Filed 07/05/07   Page 2 of 5

## LEGAL STANDARD

Pursuant to section 2255 a petitioner may move to vacate, set aside or correct his or her sentence. 28 U.S.C. § 2255. The federal habeas statute allows a prisoner in federal custody to challenge the imposition or the length of the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Id. If any of these four grounds exist, the court "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

Rule 4(b) of the Rules Governing Section 2255 Proceedings mandates that the district court summarily dismiss a section 2255 motion "if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." See Rule 4(b), Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code; United States v. Mathews, 833 F.2d 161, 164 (9th Cir. 1987). Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 75–76 (1977)).

A petitioner has one year to file a section 2255 motion from the latest of (1) the date on which his judgment of conviction became final; or (2) the date on which an impediment to filing the motion, created by a governmental action, was removed; or (3) the date on which the right asserted was first recognized by the Supreme Court; or (4) the date on which, through due diligence, the facts supporting the claim(s) could have been discovered. 28 U.S.C. § 2255.

## DISCUSSION

### I.   Timeliness

A petitioner must file a section 2255 motion within one year of the date of judgment or from the date on which the facts supporting the claim could have been discovered. 28 U.S.C. § 2255.

2

Petitioner's motion states that it was filed "[w]ithin the [s]tatute of limitations (one-year and ten days)." Pet. at 13. The petition was filed with the court on April 4, 2007, over one year after judgment was entered against Ellis. Petitioner has not alleged that facts supporting his claims became available at a later date. Thus, it appears to the court that the motion is time-barred. Nonetheless, the court will consider the merits of the petition for the purposes of determining whether to issue an order to show cause.

II.     Claims for Relief

Petitioner advances two arguments for challenging his sentence. First, petitioner argues that his sentence inappropriately reflected an enhancement for a prior conviction. Second, he raises an ineffective assistance of counsel claim, alleging that his counsel was defective for permitting such an enhancement. Petitioner's first claim is barred by the express language of the plea agreement he signed on December 13, 2005. The plea agreement contains several provisions that limit the petitioner's rights to appeal, including a statement that "[petitioner] agree[s] to not file any collateral attack on [his] conviction or sentence, including a petition under 28 U.S.C. section 2255, at any time in the future after [petitioner is] sentenced, except for a claim that [his] constitutional right to the effective assistance of counsel was violated." Plea Agreement ¶ 6. The court finds that petitioner's first claim is barred by the plea agreement.

Ellis's second ground for his section 2255 motion is an ineffective assistance of counsel claim. His petition seems to argue that his counsel was ineffective because counsel negotiated a plea agreement that included an enhancement for a prior conviction for which he was ineligible. By alleging that counsel failed to perform adequately and that such failure was prejudicial, Ellis has raised a cognizable claim for ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984). Strickland establishes the standard that petitioner must show both deficient performance, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and resulting prejudice such that "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

3

1  proceeding would have been different." Id. at 687, 694. Ellis has raised challenges to the
2  effectiveness of counsel and he has alleged that he was prejudiced, in the form of a sentencing
3  enhancement, by those errors. With respect to petitioner's ineffective assistance of counsel claim, it
4  cannot be said that the record as it now stands "conclusively show[s] that [petitioner] is entitled to no
5  relief." 28 U.S.C. § 2255. It is therefore appropriate to compel respondent to answer the instant
6  motion to the extent that petitioner claims that he was deprived of his Sixth Amendment right to
7  effective assistance of counsel. See Rules Governing Section 2255 Proceedings, Rule 4(b).

CONCLUSION

Accordingly, for the reasons stated above, respondent is hereby ORDERED to answer the motion within sixty (60) days of the date on which this order is entered. Petitioner may file a reply within thirty (30) days of the date on which the answer is due.

IT IS SO ORDERED.

Dated: July 5, 2007

MARILYN HALL PATEL
United States District Court Judge
Northern District of California