UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIM ELLIS,

                Petitioner,

   v.

UNITED STATES OF AMERICA,

                Respondent.
                                                  /

No. C 07-01844 MHP
[CR 01-00344 MHP]

**MEMORANDUM & ORDER**
**Re: Petitioner's Motion for Relief Under 28 U.S.C. section 2255**

On March 27, 2006 this court sentenced petitioner Kim Ellis to a prison term of 240 months for his participation in a conspiracy to possess 5 kilograms or more of cocaine powder and to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. section 846. On April 4, 2007 petitioner filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. section 2255. Respondent's answer and petitioner's traverse are now before the court. Having considered the arguments and submissions of the parties and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

On March 27, 2006 this court sentenced petitioner to a prison term of 240 months in accordance with a guilty plea agreement for his participation in a drug-related conspiracy. See Opp. Exh. B (hereinafter "Plea Agreement"). In the Plea Agreement, petitioner admitted that he had been convicted of a prior felony drug offense in 1995. Id., ¶ 2. As a result of this prior offense, the Plea Agreement called for a 240-month sentence in accordance with 21 U.S.C. section 841, which sets a mandatory minimum sentence of 240 months for those with prior felony drug convictions punishable

by imprisonment of more than one year.  Petitioner also stated in the Plea Agreement that he "underst[ood] that by virtue of the Information filed the government pursuant to 21 U.S.C. § 841" that he would be sentenced to a mandatory minimum of 240 months in prison.  Id., ¶ 1.

Petitioner now contends that this sentencing enhancement was improper and that his counsel acted ineffectively by allowing petitioner to sign the Plea Agreement.  Petitioner concedes that on April 3, 1995 he pled guilty to a felony drug offense under California Health and Safety Code section 11351.5.  Pet'r. Exh. A, Reporter's Transcript of April 3, 1995 (hereinafter "4/3/95 RT") 5:11–13.  The offense was punishable by up to five years in state prison, but petitioner received three years of probation and "imposition of sentence suspended."  Pet'r. Exh. B, Reporter's Transcript of June 1, 1995 (hereinafter "6/1/95 RT") at 1:17–19.  Petitioner argues that the imposition of a sentence suspended does not qualify as a conviction that can trigger a sentencing enhancement under 21 U.S.C. section 841.

LEGAL STANDARD

I.   Section 2255

Pursuant to section 2255, a petitioner sentenced by a federal court may move to vacate, set aside or correct his or her sentence.  28 U.S.C. § 2255.  The federal habeas statute allows a prisoner in federal custody to challenge the imposition or the length of the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Id.  If any of these four grounds exist, the court "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate."  Id.

A petitioner has one year to file a section 2255 motion from the latest of: 1) the date on which his judgment of conviction became final; 2) the date on which an impediment to filing the motion, created by a governmental action, was removed; 3) the date on which the right asserted was first recognized by the Supreme Court; or 4) the date on which, through due diligence, the facts

supporting the claim(s) could have been discovered.  Id.

II.     Sixth Amendment

The Sixth Amendment guarantees that defendants are "entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." Strickland v. Washington, 466 U.S. 668, 685 (1984).  A petitioner bringing a habeas corpus petition alleging a violation of this Sixth Amendment right to counsel must demonstrate that: 1) "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and 2) "the deficient performance prejudiced the defense."  Id. at 687.  On the first prong, the court "indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689; United States v. Palomba, 31 F.3d 1456, 1466 (9th Cir. 1994).  In the Ninth Circuit, a showing of "gross error" is necessary in order to prove that counsel violated a petitioner's Sixth Amendment rights.  Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002) (citing McMann v. Richardson, 397 U.S. 759, 771 (1970)).

Given the difficulty inherent in judging the competence of counsel, the Supreme Court directs courts to first examine whether a petitioner has satisfied the second prong in Strickland—demonstration of sufficient prejudice.  Strickland, 466 U.S. at 697.  Petitioner bears the burden of proof to show that a "reasonable probability" exists that, but for counsel's errors, the outcome of the proceedings would have been different.  Id. at 694.  Reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.

A petitioner alleging a section 2255 claim for ineffective assistance of counsel is entitled to an evidentiary hearing if the court, assuming the truth of the factual allegations, determines that he could prevail on the merits.  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994).  A petitioner's failure to allege facts sufficient to support both prongs of Strickland will result in dismissal of his claims without the need for an evidentiary hearing.  United States v. Birtle, 792 F.2d 846, 849 (9th Cir. 1986).

3

DISCUSSION

Petitioner argues that his Sixth Amendment right to effective counsel was violated because his counsel allowed him to enter into the Plea Agreement despite the fact that the Plea Agreement contained an improper sentencing enhancement. Under 21 U.S.C. section 841(b), petitioner was subject to a mandatory minimum sentence of 240 months if he had a "prior conviction for a felony drug offense." Petitioner alleges that although he pled guilty to a felony drug offense in 1995, the imposition of a suspended sentence does not qualify as a conviction for the purposes of a sentencing enhancement under 21 U.S.C. section 841. Petitioner argues that he was prejudiced when he agreed to a sentence that included the allegedly inapplicable enhancement.

The Ninth Circuit has not directly addressed whether a sentencing enhancement may be based on a prior offense for which the sentence was suspended. However, in United States v. Robinson, 967 F.2d 287 (9th Cir. 1992), the Ninth Circuit determined that the imposition of a sentence suspended did not mean that a lower court had entered judgment. The court explained that under California law, "when a sentencing court grants probation after a conviction, it may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order its execution to be stayed. In the later case only, a judgment of conviction is rendered." Robinson, 968 F.2d at 293.

In United States v. Stallings, 301 F.3d 919 (8th Cir. 2002), the Eighth Circuit relied on the holding in Robinson when it considered whether a suspended sentence could support a sentencing enhancement under 21 U.S.C. section 841. In Stallings, the court examined whether imposition of probation and a suspended sentence for a violation of California Health and Safety Code section 11351.5—the same statute to which petitioner pled guilty—qualified as a valid judgment upon which a 21 U.S.C. section 841 sentencing enhancement could be based. Stallings, 301 F.3d at 921. The court found that "[i]f imposition of sentence was suspended, and probation was never revoked, then there is no judgment entered against the defendant." Id. at 922. As a result, the court held that the imposition of a sentencing enhancement based on the California Health and Safety Code section 11351.5 violation was improper and it remanded for resentencing.

4

Petitioner argues that the factual similarities between his case and <u>Stallings</u> demonstrate that counsel offered ineffective assistance by allowing petitioner to agree to the terms of the Plea Agreement that a 21 U.S.C. section 841 sentencing enhancement was appropriate. Notably, however, the Eighth Circuit has declined to follow <u>Stallings</u> in its more recent decisions. In <u>United States v. Davis</u>, 417 F.3d 909, 913 (8th Cir. 2005), the Eighth Circuit held that a suspended sentence for a state felony drug offense constituted a "final prior conviction for a felony drug offense for the purposes of §841(b)." Although the Eighth Circuit in <u>Davis</u> did not expressly overrule <u>Stallings</u>, it noted that <u>Stallings</u> went against the holdings of at least three additional cases from within the circuit that considered the impact of suspended sentences on sentencing enhancements under 21 U.S.C. section 841. <u>Davis</u>, 417 F.3d at 913; <u>see also</u> <u>United States v. Slicer</u>, 361 F.3d 1085 (8th Cir. 2004); <u>United States v. Franklin</u>, 250 F.3d 653 (8th Cir. 2001); <u>United States v. Ortega</u>, 150 F.3d 937 (8th Cir. 1998).[1] Furthermore, the Ninth Circuit has not adopted the holding in <u>Stallings</u> and therefore the Eighth Circuit's holding is not binding on this court. Because the <u>Stallings</u> holding is adhered to by neither its circuit of origin nor the Ninth Circuit, no indication exists that had petitioner's counsel raised <u>Stallings</u> or its underlying principles that the government would have offered a more lenient plea or that this court would have imposed a lighter sentence. Petitioner has not satisfied his burden of proof to show that a "reasonable probability" exists that, but for counsel's alleged errors, the outcome of the proceedings would have been different. <u>Strickland</u>, 466 U.S. at 694.

Without a sufficient showing of prejudice, the court need not consider the competence of petitioner's counsel. <u>Id.</u> at 694. However, even if the court were to assume the prejudice prong is met because the sentencing enhancement doubled the mandatory minimum sentence from ten years to twenty years, counsel's representation of petitioner was not "grossly deficient." <u>See</u> <u>Turner</u>, 281 F.3d at 880. Indeed, <u>Stallings</u> has never been cited by any federal court in this circuit. Furthermore, counsel's failure to argue an out-of-circuit case that is no longer controlling even in that circuit is not "outside the wide range of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 690. Indeed, to hold otherwise would drastically increase the research responsibilities of counsel by

5

requiring them to consider and present all non-binding case law that is potentially persuasive. This would eliminate the discretion typically afforded to counsel when making tactical decisions regarding strategy. See id. at 688–89 (A "set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions.").

CONCLUSION

On the factual record and for the reasons stated above, an evidentiary hearing on this matter is unnecessary. Petitioner's motion for relief is DENIED.

IT IS SO ORDERED.

Dated: May 6, 2008

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

ENDNOTES

1.   In United States v. Ball, 499 F.3d 890, 899 (8th Cir. 2007), the Eighth Circuit again determined that a suspended sentence qualified as a prior conviction under 21 U.S.C. section 841. However, for the purposes of determining whether counsel here offered ineffective assistance at the time petitioner signed the Plea Agreement, this court will consider only those cases already decided at the time of petitioner's sentencing.